Unatin 7 Up Company v. Commissioner.
Unatin 7 Up Co. v. Commissioner
Docket No. 106740.
United States Tax Court
1942 Tax Ct. Memo LEXIS 60; 1 T.C.M. (CCH) 170; T.C.M. (RIA) 42642; December 3, 1942
*60 Samuel Kaufman, Esq., First Nat'l Bank Bldg., Pittsburgh, Pa., for the petitioner. William A. Schmitt, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, J.: This proceeding involves a redetermination of a deficiency in excess profits tax for the year 1937 in the amount of $1,719.77. The issue is whether respondent erred in disallowing an adjusted declared value of petitioner's capital stock based upon an original declared value of $250,000 for the year ended June 30, 1936. Respondent determined an overassessment of $468.02 in income tax for the taxable year. In the alternative, petitioner alleges that respondent should have determined the entire deficiency for the taxable year in one net amount. Findings of Fact Petitioner is a Pennsylvania corporation, organized September 12, 1935, and having its office and principal place of business in Beaver Falls, Pennsylvania. Its return for the taxable year was filed with the collector for the twenty-third district of Pennsylvania. Petitioner's income tax returns for the years 1935 and 1936 were designated as filed on the cash basis. The petitioner filed a capital stock tax return for the year ended June *61 30, 1936, on December 6, 1937. The word "None" was inserted in item 10 of the return, reading as follows: "Declared value (must be identical figure entered in item 8)." No figure was inserted in item 8 of the return, reading as follows: DECLARED VALUE OF ENTIRE CAPITAL STOCK $ (The value declared must be definite and unqualified. A value must be declared in every case regardless of whether exemption from the tax is claimed. See instructions 1 and 2.) Attached to the return was a statement filed by the secretary of petitioner stating that failure to file the return "was not due to any willful intent to violate the law or to evade the filing of a return or payment of tax, but was due" to the fact that petitioner "Had incorporated in October 1935 and received no blanks in June 1936 to be filed, therefore did not know there were to be any statements filed at that time." The petitioner filed another capital-stock tax return for the year ended June 30, 1936, on March 15, 1938, reporting in items 8 and 10 thereof a declared value of $250,000 for its entire capital stock. The tax, penalty and interest of $336.88 shown in the return were paid by petitioner and have not been *62 refunded to it. The petitioner filed a capital-stock tax return for the year ended June 30, 1937, on July 29, 1937. In item 10 thereof, reading: "ADJUSTED DECLARED VALUE OF ENTIRE CAPITAL STOCK (Last item of Schedule I, page 2)" the petitioner inserted the figure $2,550.57. Petitioner computed the amount in Schedule I as follows: Original declared value as estab-
lished by the first return for the
taxable year ended June 30, 1936
$ 522.3
Additions: * * *
(3) Net income * * * $3,072.96
Total additions
3,072.96
TOTAL BEFORE
DEDUCTIONS
$2,550.57
Under the heading "Computation of Tax" of the return of amount of $2,550.57 was shown in item 12 as the "Amount reported in item 9 or 10." A tax of $2 was shown in item 13. In Schedule 11, entitled "ANALYSIS OF CHANGES IN CAPITAL STOCK AND SURPLUS," the following appears: Capital Stock and Surplus at begin-
ning of year
1. Capital stock: Preferred
$ 500.00 * * *
4. Surplus and undivided profits.
1,022.39 * * *
Additions Revenue transactions
8. Net income (item 3, Schedule
1)
3,072.96 * * * Total
2,550.57
Capital Stock and Surplus at end of
year * * *
22. Surplus and undivided profits.
2,550.57
On May 16, 1938, *63 petitioner filed another capital stock tax return for the year ended June 30, 1937, in which it reported the amount of $266,876.39 in items 10 and 12 thereof as the adjusted declared value of its entire capital stock. The amount was computed in Schedule 1 of the return on the basis of an original declared value of $250,000 "as established by the first return for the taxable year ended June 30, 1936." The tax, penalty and interest of $348.29 shown in the return were paid by petitioner and have not been refunded to it. In its original income and excess-profits tax -eturn for the year 1935, filed March 6, 1936, petitioner reported a loss of $1,022.39. The return bears a notation reading "Tax and criminal liability settled by compromise 6-28-40." The amended income and excess-profits return for the same period, filed May 16, 1938, disclosed net income of $1,121.83 and income tax liability thereon of $154.25, which was paid. The income and excess-profits tax return of petitioner for 1936, filed March 15, 1937, reported the amount of $500 in item 1 as the value of capital stock as disclosed in the capital-stock tax return for the year ended June 30, 1936. The return also reported net *64 income of $3,072.96 for excess-profits tax computation; excess-profits tax thereon of $361.26; and an income tax liability of $238.29. The return bears a notation of an assessment of $3,360.27 in income tax, paid May 16, 1938. Petitioner's balance sheet at the close of 1936, as disclosed in the return, shows common capital stock of $500 and undivided profits of $2,050.57. The amended income and excess-profits tax return of petitioner for 1936, filed May 16, 1938, reported the amount of $250,000 in item 1 as the "Value of capital stock as declared in your capital-stock tax return for year ended June 30, 1936." The income and excess-profits tax return of petitioner for 1937, filed March 15, 1938, marked "Tentative," contained nothing in the space provided for reporting the value of capital stock as declared in petitioner's capital-stock tax return for the year ended June 30, 1937. A like return for the same period, marked "Completed Return," and filed May 16, 1938, reported a value of $266,876.39 for capital stock as declared in petitioner's capital-stock tax return for the year ended June 30, 1937. In his determination of the deficiency the respondent allowed the amount of $24,450.01 *65 as the value of petitioner's capital stock as declared in its capital-stock tax return for the year ended June 30, 1937. The notice of the deficiency herein, mailed January 9, 1941, discloses the determination of an overassessment of $468.02 in income tax liability for 1937. The petition filed herein on March 27, 1941, questioned only the excess-profits tax liability determined by the respondent. The notice of deficiency advised petitioner of the overassessment and informed it that the amount would be applied by the collector of internal revenue for its district in accordance with section 322 (a) of the 1936 Act provided petitioner protected itself against the running of the statute of limitations by filing a claim for refund with the collector on Form 843, a copy of which was enclosed. On June 28, 1940, the respondent accepted the offer of petitioner to pay $7,613.08 in compromise of all civil and criminal liability for income and excess profits taxes for the years 1935 and 1936. Opinion The question here is whether the respondent erred in disregarding an amended capital-stock tax return filed by the petitioner after the expiration of the statutory period. Upon brief the petitioner *66 specifically admits that under the authority of , its amended declaration of capital stock value, filed in 1938, was too late if the earlier return filed contained an original declaration of value for the year ending June 30, 1936. Petitioner contends, however, that the facts here are governed by , and . The declaration relied upon by the petitioner was contained in a capital-stock tax return filed on December 6, 1937, which shows on its face that it was filed "For Year Ended June 30, 1936." In the space for declared value of capital stock it showed the word "None." In the Flomot Gin Co. case we held that the return first filed should not be considered a proper return because it undertook to value the capital stock as of a time when the corporation had been dissolved and not, as the Act required, "as of the close of its last income-tax taxable year ending at or prior to the close of the year for which the tax is imposed * * *" The time as of which the return declared *67 value was June 30, 1936, when it should have been April 30, 1936. Though holding that such return was not a proper return, we said: * * * Petitioner, therefore, under the mandatory requirement of section 105 (f) above cited, should have declared the value of its capital stock as of April 30, 1936. If it had done this, the return would have been a proper first return under the applicable act and regulations and, even though a mistake had been made in the declared value, it could not have been corrected by a subsequent amended return. * * * In that case, as in the instant situation, the value of the capital stock was declared as "None". It is thus apparent that in effect we have denied that the return first filed in the present case was improper or could be corrected by a subsequent amended return, for herein the return shows on its face that it is filed for the year ending June 30, 1936, the proper date to be used, and we have a return properly identifying the year in question and affirmatively declaring "None" as the value of the stock. is therefore against, instead of for, petitioner's contention. That the return for the year *68 ending June 30, 1936, was the "first return" under the statute is shown by the language of , wherein it is said: * * * A "first return" means a return "for the first year in which the taxpayer exercises the privilege of fixing its capital stock value for tax purposes, and includes a timely amended return for that year." . Petitioner for the first time exercised its privilege of fixing capital stock value on December 6, 1937, for its year ending June 30, 1936. , did not involve the present question. We hold that the capital stock tax return filed on December 6, 1937, was a proper return and that the value therein set forth could not be amended by another return filed on March 15, 1938. In the alternative the petitioner urges that the Court had jurisdiction to enter judgment in the net amount of income and excess-profits taxes due in the amounts determined by the respondent, as shown in notice of deficiency, since the deficiency in the excess-profits tax and overassessment *69 of income tax arise out of the same transaction. The same question was presented in . In accordance with the opinion therein we hold that the Board does not have jurisdiction to offset the overassessment against the deficiency and to enter judgment in the net amount, as contended by petitioner. Decision will be entered for the respondent.